# United States District Court
# District Of Maryland

Chambers of  
**Ellen Lipton Hollander**  
District Court Judge

101 West Lombard Street  
Baltimore, Maryland 21201  
410-962-0742

August 14, 2015

MEMORANDUM TO COUNSEL

    Re:    *Kathy Grochowski v. Science Applications International Corporation*  
            Civil Action No. ELH-13-3771

Dear Counsel:

As you know, plaintiff Kathy Grochowski and defendant Science Applications International Corporation ("SAIC") filed six motions to seal. ECF 25 ("First Motion to Seal," filed by SAIC); ECF 28 ("Second Motion to Seal," filed by SAIC); ECF 32 ("Third Motion to Seal," filed by SAIC); ECF 39 ("Fourth Motion to Seal," filed by Grochowski); ECF 41 ("Fifth Motion to Seal," filed by Grochowski); ECF 45 ("Sixth Motion to Seal," filed by Grochowski).

By Orders dated October 10, 2014, October 14, 2014, October 15, 2014, and November 4, 2014, I granted the First Motion to Seal; the Second Motion to Seal; the Third Motion to Seal; and the Sixth Motion to Seal. ECF 27; ECF 30; ECF 35; ECF 47. Collectively, I refer to the motions granted as the "Granted Motions to Seal."

By Order dated October 29, 2014 (ECF 43), I denied the Fourth Motion to Seal and the Fifth Motion to Seal. The Fourth Motion to Seal (ECF 39) requested sealing of certain documents attached to plaintiff's opposition to defendant's motion for summary judgment. The documents proposed to be sealed were submitted in ECF 38. The Fifth Motion to Seal (ECF 41) requested sealing of certain documents attached to plaintiff's motion to compel discovery.[1] The documents to be sealed were submitted in ECF 42. Collectively, I refer to the Second Motion to Seal and the Third Motion to Seal as the "Denied Motions to Seal."

The Denied Motions to Seal argued that a seal was warranted because the documents contained "personnel" or "sensitive business information." ECF 39 ¶ 3, Fourth Motion to Seal; *see* ECF 41 ¶ 3, Fifth Motion to Seal. In the Order dated October 29, 2014 (ECF 43), I explained, in part, *id.* at 2:

> In my view, the parties have not articulated a sufficient basis to overcome the common law public right of access to retain all of the exhibits under seal or to satisfy Local Rule 105.11. Although some of the exhibits at issue indeed may consist of proprietary personnel or business information, seemingly that is not so for all the [documents proposed to be sealed in their entirety] . . . . For instance,

---

[1] Although the Third Motion to Seal sought to seal documents in connection with plaintiff's motion to compel discovery, no motion to compel discovery was filed. *See* Docket.

Exhibit 3 to the Opposition (ECF 38-1) is the 48-page deposition of Joseph Charles [Niehaus], and Exhibit 12 to the Opposition (ECF 38-5) is the 12-page deposition of Ronald Dahart. Likewise, Exhibit 10 to the Motion for Order Compelling Discovery (ECF 42-1 at 48-81) is the 31-page deposition of Joseph Charles Niehaus. It is apparent that not every line in these depositions is subject to sealing. The parties offer no explanation as to why alternatives to sealing these exhibits in their entirety—such as filing redacted versions of these exhibits, would fail to provide sufficient protection.

Accordingly, I directed counsel to file, within 14 days of the date of docketing of the Order, proposed redactions for the documents proposed to be sealed in the Fourth Motion to Seal and the Fifth Motion to Seal. *Id.* at 2-3. No proposed redactions were filed and the time to do so has long expired. Accordingly, I intend to direct the Clerk to unseal the documents in ECF 38 and ECF 42 that are the subject of the Denied Motions to Seal.

However, before I direct the Clerk to lift the seal as to the documents in ECF 38 and ECF 42, some of the documents in ECF 38 and ECF 42 are duplicates or overlap with documents that were sealed pursuant to the Granted Motions to Seal. To illustrate, an "Inter-Office Memorandum" to plaintiff dated May 28, 2010, is part of both the First Motion to Seal and the Fourth Motion to Seal. *See* ECF 25-2 at 1 (First Motion to Seal, which was granted); ECF 38-3 at 2 (Fourth Motion to Seal, which was denied). This Inter-Office Memorandum disclosed to plaintiff that she would be laid off in the context of a reorganization of SAIC. ECF 25-2 at 1; ECF 38-3 at 2. Upon review of it, I discern no reason to unseal ECF 38-3 but to leave a sealed duplicate of the document at ECF 25-2.

In any event, there is no basis to seal this document. The Inter-Office Memorandum appears to be central to the dispute. It is discussed in the parties' submissions and does not contain sensitive information. Nor have the parties proposed a redacted version of the Inter-Office Memorandum, as directed in the Order of October 29, 2014 (ECF 43). As such, I see no reason to maintain the seal for this document as part of ECF 25-2.

Accordingly, by August 21, 2015, I ask counsel to identify those documents that are part of the Granted Motions to Seal as well as the Denied Motions to Seal, *i.e.*, duplicate or overlapping submissions, and to show cause, if any, why documents that are part of the Denied Motions to Seal as well as the Granted Motions to Seal should remain sealed.

Despite the informal nature of this Memorandum, it is an Order of the Court, and the Clerk is directed to docket it as such.

           Very truly yours,

           /s/

           Ellen Lipton Hollander
           United States District Judge