IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KATHY GROCHOWSKI

    *Plaintiff*,

v.

                                       Civil Action No. ELH-13-3771

SCIENCE APPLICATIONS
INTERNATIONAL CORPORATION

    *Defendant*.

## MEMORANDUM

In 2013, Kathy Grochowski sued her former employer, Science Applications International Corporation ("SAIC"), alleging employment discrimination based on sex. *See* ECF 2 ("Complaint").[1]  In particular, Grochowski alleged that she was unlawfully subject to disparate pay and unlawfully terminated, in violation of Title VII of the Civil Rights Act of 1964, codified as amended at 42 U.S.C. §§ 2000e *et seq.* SAIC disputed the claim of disparate pay and claimed that Grochowski was severed as part of a corporate reorganization of SAIC.

By Memorandum Opinion (ECF 56) and Order (ECF 57) of September 11, 2015, I granted SAIC's motion for summary judgment (ECF 26) as to Count I of the Complaint.  And, I dismissed as moot Count II of the Complaint ("Stay of Threatened Arbitration").   ECF 57.

On September 18, 2015, SAIC filed a Petition for Bill of Costs (ECF 58) in the amount of $10,553.52, supported by a memorandum of law (ECF 58-1) (collectively, the "Petition"), and several exhibits.  ECF 58-2 to ECF 58-5.  In particular, defendant requested filing fees in the

---

[1] Plaintiff originally filed suit in the Circuit Court for Harford County. SAIC removed the case to federal court on the basis of federal question jurisdiction as well as diversity of citizenship. *See* ECF 1 (Notice of Removal); 28 U.S.C. §§ 1331, 1332.

amount of $420.00; $9,002.07 in deposition transcript costs; and $1,131.45 in copy fees. ECF

58-2.  Defendant stated, ECF 58-1 at 2:

> Plaintiff Kathy Grochowski ("Plaintiff") took six depositions[2] in this case[], and Defendant drew upon all of these, either directly or indirectly, in framing its Motion for Summary Judgment. SAIC took only one deposition in this case, which was crucial— the video deposition of Plaintiff, Kathy Grochowski. In total, the transcripts for these seven depositions totaled $9,002.07. *See Exhibit 1, Invoices of Deposition Transcripts*. Testimony addressed in all seven (7) of these depositions was essential in preparing Defendant's defense and successfully advancing its Motion for Summary Judgment.

On October 2, 2015, plaintiff responded to the Petition.  ECF 59.  She objected to the

award of costs for depositions and copying, but not court fees. *Id.* at 2.  She asserted that the

requested costs were either "plainly not taxable" under the *U.S. District Court for the District of*

*Maryland Guidelines for Bills of Costs* (2013) ("*Guidelines*") or because SAIC failed to provide

adequate documentation.  *Id.* at 1.  Alternatively, she objected on "equitable grounds."  *Id.*

Plaintiff asserted, *id.*:  "Defendant is a multi-billion dollar corporation.  Plaintiff is an individual,

and the need for an opinion 52 pages in length (ECF No. 56) to grant defendant summary

judgment attests to the substance of her action."

Defendant replied on October 16, 2015.  ECF 60.  With the Reply, SAIC provided

additional documentation to support its Petition.  In addition, SAIC withdrew its request for

compensation for expedited copies of transcripts; withdrew its request for $1,131.45 in costs for

copying; and reduced its total request for fees from $10,553.52 to $6,158.56.  *Id.* at 2.

On October 14, 2016, the Clerk issued an Order (ECF 61) awarding SAIC taxable costs

in the amount of $5,800.05.  *Id.* at 4.  The award consisted of $420 in filing fees, to which the

---

[2] Defendant took one deposition, *i.e.*, of plaintiff.  Plaintiff took the depositions of five people:  Sharon Storm, Joseph Neihaus, Monica Jakubowski, David Shoffner and Ron Dahart. However, defendant asserts, in effect, that plaintiff took six depositions because the deposition of Neihaus took two days to complete, and was thus equivalent to two depositions.  ECF 58-1, n. 1. In any event, the length of a deposition certainly affects the cost of the transcript.

plaintiff had not objected, and $5,380.05 for deposition transcripts, rather than the $5,738.56 that

SAIC had requested.  *Id.* at 3-4.  In the Order the Clerk explained, ECF 61 at 2-3 (bold in

original):

> Defendant originally requested a total of $9,002.07 in deposition transcript fees. *See* ECF No. 58-2. Plaintiff objected to the taxation of these costs in full on the basis that the supporting documentation does not specific [sic] the number of pages, the per-page rate, and contains additional charges that are precluded from taxation under the *Guidelines*, including "Realtime Services," "Rough Draft," and "Shipping & Handling." *See* ECF No. 59 at 2-5. Plaintiff also objected to charges for exhibits based on insufficient justification. *See* id. Defendant replied by providing additional documentation including the per-page rate, the number of pages for each transcript, and reducing its total deposition costs request to $5,738.56, eliminating requests for the charges objected to by Plaintiff. *See* ECF No. 60-1. Given the supporting documentation supplied by Defendant in its reply, and because the costs are otherwise taxable in this Court, Defendant's request for transcript fees is granted. *See Guidelines* II.D.1. However, as detailed in the chart below, the revised costs requested by Defendant total only to $5,380.05 instead of the $5,738.56 stated by Defendant. Therefore, Defendant's request is granted in the amount of **$5,380.05**.

On October 21, 2016, plaintiff filed a Motion for Review of the Clerk's Order Taxing

Costs (ECF 62, "Motion"),  requesting "that this Court deny, on equitable grounds, the taxation

of costs in this case or, in the alternative, further reduce the assessment of costs against Plaintiff

to only the Clerk Fees assessed ($420.00)." *Id.* at 1-2. Notably, plaintiff does not assert an

inability to pay.  SAIC opposes the Motion. ECF 63 ("Opposition").  No reply has been filed,

and the time to do so has expired.  *See* Local Rule 105.2(a).

No hearing is necessary to resolve the Motion.  *See* Local Rule 105.6.  For the reasons

that follow, I shall deny plaintiff's Motion.

## I.  Standard of Review

Under 28 U.S.C. § 1920, a judge or Clerk of Court may tax as costs, among other things,

"Fees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]"

28 U.S.C. § 1920(2).  In addition, fees are compensable for the "costs of making copies of any material where the copies are necessarily obtained for use in the case."  28 U.S.C. § 1920(4).

Fed. R. Civ. P. 54(d) provides, in pertinent part: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The Fourth Circuit has said that "the rule creates the presumption that costs are to be awarded to the prevailing party." *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). Thus, "it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." *Wyne v. Medo Indus., Inc.*, 329 F. Supp. 2d 584, 586 (D. Md. 2004) (citing 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE § 2668 at 232 (3d ed. 1998)).

However, not every litigation expense is recoverable under Rule 54(d). The costs that "may" be taxed are enumerated in 28 U.S.C. §§ 1920, 1921, and 1923.

Taxation of costs is entrusted to the Clerk in the first instance, but the Clerk's discretion to award costs is limited.  *Guidelines* § I.A.  The Clerk may not tax costs not permitted by statute, case law, or Local Guidelines.  *Id.*  The court reviews de novo the clerk's order taxing costs. *See* Fed. R. Civ. P. 54(d)(1); *Schwartz v. Rent-A-Wreck of Am*, No. CV PJM 07-1679, 2016 WL 3906581, at *2 (D. Md. July 14, 2016); *Mitchell–Tracey v. United Gen. Title Ins. Co.*, 839 F. Supp. 2d 821, 825 (D. Md. 2012) (citing *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 233–34 (1964)).

"Although the district court has the discretion to deny an award of costs, it must 'articulat[e] some good reason' for its denial." *Ellis v. Grant Thornton LLP*, 434 F. App'x 232, 235 (4th Cir. 2011) (per curiam) (quoting *Cherry*, 186 F.3d at 446) (alteration in *Ellis*); *see Constantino v. American S/T Achilles,* 580 F.2d 121, 123 (4th Cir. 1978) (reversing the district

court's denial of costs where the district court provided no reason for its action).  "Among the factors that justify denying an award of costs are: (1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." *Ellis*, 434 F. App'x at 235.  So, to justify the denial, there must "'be an element of injustice in a presumptive cost award.'" *Ellis*, 434 F. App'x at 235 (quoting *Cherry*, 186 F.3d at 446).

## II.  Discussion

In the Motion, plaintiff argues that the "closeness and difficulty of the issues decided" warrants denial or a substantial reduction of costs in this case.  ECF 62 at 2.  Plaintiff states, *id.*: "[A]s this Court's 52 page Memorandum and Opinion granting summary judgment attests (ECF No. 56), the facts, circumstances, and issues involved with this litigation were complex and difficult to discern."  As noted, plaintiff does not allege an inability to pay.

Defendant disputes plaintiff's characterization of the issues as close and difficult.  SAIC states: "The case was not close, and therefore could not survive the summary judgment stage…If the case was close, then it would have survived summary judgment and went to trial."  ECF 63 at 3.  Defendant further explains, *id.*:

> Plaintiff cites to the Court's 52-page Memorandum Opinion. However, the length of the Court's Memorandum Opinion is merely evidence of the Court's thorough handling of the case, not that the issues were particularly close or difficult. The Court held that Plaintiff could not even make a *prima facie* case for sex discrimination. (ECF No. 56, at P.38). Furthermore, the Court noted the "overwhelming evidence" of legitimate business reasons that SAIC consolidated Plaintiff's position and chose Major Dahart to oversee operations. (*Id.* at P. 41).  Plaintiff cannot aggressively litigate her case, and then claim the issues were close or difficult simply because the Court addressed all her arguments in dismissal.

"The closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 732-33 (6th Cir. 1986). Courts that have denied costs based on this factor generally have done so following a lengthy trial that adjudicated novel issues. *See, e.g.*, *Ellis*, 434 Fed. Appx. at 235 (determining that the district court correctly found that the issues in the case were close and difficult when "case was hotly contested at [month-long bench] trial" and Fourth Circuit reversed the district court's judgment on appeal); *White & White. Inc.*, 786 F.2d at 732 (upholding denial of award of costs on the basis of complex legal issues when "the matter consumed 80 trial days, required 43 witnesses, produced 800 exhibits, generated almost 15,000 pages of transcript, and begat a 95 page opinion"); *Liberty Mut. Fire Ins. Co. v. J.T. Walker Indus., Inc.*, No. CIV.A. 2:08-2043-MBS, 2012 WL 4584179, at *4 (D.S.C. Sept. 28, 2012) (concluding that issues raised in eight-day trial were close and difficult as they "raised several novel and difficult questions under South Carolina insurance law, one of which the court certified to the South Carolina Supreme Court."), *aff'd sub nom. Liberty Mut. Fire Ins. Co. v. JT Walker Indus., Inc.*, 554 F. App'x 176 (4th Cir. 2014); *Turner v. United States.* 736 F.Supp.2d 980, 1024 (M.D.N.C. 2010); *Va. Panel Corp. v. MAC Panel Co.,* 203 F.R.D. 236, 237–38 (W.D. Va. 2001).

This case did not go to trial; it was resolved on summary judgment. In my view, the legal issues were not particularly difficult. Nor does the length of my Memorandum reflect that the case was close. In order to resolve the summary judgment motion, I necessarily reviewed considerable evidence submitted by the parties, which was fact intensive. It resulted in a lengthy Memorandum Opinion that set forth a detailed factual recitation. *See* ECF 56. In particular, the

factual summary consumed about eighteen pages.  *See* ECF 56 at 2-20.  And, I devoted several more pages to the standard of review, methods of proof, and the analytical construct of Title VII.

To the extent that plaintiff objects to the taxation of costs for deposition transcripts (ECF 59 at 2-5), I reject this argument for the same reasons articulated by the Clerk.  *See* ECF 61 at 2-3. As noted, the Clerk awarded SAIC $5,380.05 for deposition transcripts for six persons.  ECF 61 at 4.  Under the court's *Guidelines*, "[t]o be taxable, a transcript cost, including copies of transcripts, must be necessarily obtained for use in the case and reasonably necessary at the time of its taking." *Guidelines* § II(D)(1); *see* 28 U.S.C. § 1920(2).  The *Guidelines* provide that the following are commonly taxable to the losing party: (1) transcripts of a party to the case, (2) transcripts of a person who testified at trial, (3) transcripts used in support of a motion, (4) costs of copies of papers obtained as exhibits in the deposition and (5) transcripts of an opposing party's noticed deposition. *See Guidelines* § II(D)(1)(c)-(d), (f), (i), (k).

Defendant provided ample supporting documentation supporting its claims.  *See Guidelines* II.D.3 (explaining what documentation is required for transcript costs).  SAIC also withdrew its request for copying costs and reduced the amount it sought for deposition transcripts.  Notably, plaintiff does not argue that the depositions were not reasonably necessary for the case.  Moreover, of the six depositions, five were taken by plaintiff; SAIC took only the deposition of plaintiff.  And, of the six depositions, excerpts of five were attached as exhibits to defendant's motion for summary judgment.  *See* ECF 26-4; ECF 26-9; ECF 26-11 (sealed); ECF 26-15 (sealed); ECF 26-17.

As to the Jakubowski deposition, which was not submitted by SAIC as an exhibit to its motion, the "'Fourth Circuit has not made the use of a transcript in a dispositive motion the test of whether the costs are taxable.'"  *Schwarz & Schwarz of Virginia, LLC v. Certain Underwriters*

*at Lloyd's,* No. 6:07–cv–00042, 2010 WL 452743, at *6 (W.D. Va. 2010) (quoting *Ferris v. AAF–McQuay, Inc.,* No. 5:06–cv–00082, 2008 WL 495656, at *1 (W.D. Va. Feb. 21, 2008)); *see also Levy v. City of New Carrolton,* Civ. No. DKC 06–2598, 2012 WL 909215, at *2 (D. Md. Mar. 15, 2012) ("It is not necessarily fatal to taxation that the depositions were not introduced or otherwise used").  It was plaintiff who took that deposition, and she attached portions of it to her opposition to the motion for summary judgment.  ECF 37-5; ECF 37-6.  Despite the fact that SAIC did not utilize Jakubowski's deposition testimony in its motion for summary judgment, plaintiff has not shown that the cost for the transcript was not reasonably necessary at the time it was incurred.

In my view, the Clerk correctly granted defendant's request for deposition transcript fees.

### III.   Conclusion

For the foregoing reasons, I shall deny plaintiff's Motion (ECF 62).  An Order follows.


Date: January 12, 2017                              _____/s/_____
                                                   Ellen Lipton Hollander
                                                   United States District Judge